**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:

DARRCELLE COVERT,                                                    CASE NO. 06-10156-LMK

Debtor.                                                                              CHAPTER 13
_____/

### ORDER DENYING DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

THIS MATTER is before the Court on the Debtor's Motion to Extend the Automatic Stay ("Motion") (Doc. 30). The Debtor filed this case on August 30, 2006 and filed this Motion on September 29, 2006. Because the Debtor was a debtor in Case Number 05-10543, which was dismissed within one year of filing this case, the stay automatically terminates on the thirtieth day after the petition was filed. § 362(c)(3)(A). The Motion requests the Court to extend the automatic stay under § 362(a) as to all creditors. The Court may extend the stay "on the motion of a party in interest . . . [and] . . . after notice and a hearing completed before the expiration of the 30-day period." § 362(c)(3)(B). Therefore, a Motion to Extend the Automatic Stay must be filed at a time which allows for proper notice to the parties in interest and for the Court to complete a hearing within thirty days of the petition date.

In order to provide sufficient notice to all parties in interest and allow the Court to timely complete a hearing, Local Rule 4001-3, which became effective on September 1, 2006, provides that:

> A motion to . . . extend the automatic stay . . . shall be filed within five (5) days of the filing of the petition. The debtor shall serve all interested parties simultaneously with the filing of the motion. Interested parties shall include, but not be limited to, the U.S. Trustee, the case trustee, any co-owner of all affected property, and all lien holders of all affected property. N.D. FLA. LBR 4001-3.

Procedural due process requires "notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Collins*, 334 B.R. at 659 (quoting *Mullane v. Central*

*Hanover Bank & Trust. Co.*, 339 U.S. 306, 314 (1950)).  For typical circumstances, it is the endeavor of the Court to allow parties in interest to have at least fifteen days notice.  In this case, the Debtor's attorney served all interested parties by United States mail on the same day that he filed the Motion.  In effect, none of the parties received notice, and the only party with an opportunity to be heard was the Debtor.

The Motion was filed and served on the thirtieth day after the petition was filed and on the same day that the stay automatically terminated.  Consequently, the Court could not schedule a hearing before the stay expired, and even had one been held, parties in interest would have been deprived of procedural due process.  Accordingly, it is hereby,

ORDERED and ADJUDGED that the automatic stay provisions of Section 362(a) of the Bankruptcy Code have terminated in this case and the Debtor's Motion to Extend the Automatic Stay is DENIED.

DONE and ORDERED at Tallahassee, Florida, this  5th  day of October, 2006.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:    All creditors & parties in interest